**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| **LANCE C. JOSEPH** | * | **CIVIL ACTION NO.** |
| *Plaintiff* | * | |
| | * | **SECTION:** |
| **VERSUS** | * | |
| | * | **JUDGE:** |
| **CITY OF PORT ALLEN** | * | |
| | * | **MAGISTRATE JUDGE:** |
| *Defendant* | * | |
| | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## COMPLAINT

NOW INTO COURT, through undersigned counsel, comes LANCE C. JOSEPH, who hereby files this Complaint, and respectfully alleges the following against Defendant, CITY OF PORT ALLEN:

## PARTIES

1. Plaintiff, LANCE C. JOSEPH, hereinafter referred to as "Plaintiff," is an African American male who is a citizen of the United States of America, that resides in the City of Plaquemine, Parish of Iberville, State of Louisiana, who is an employee of CITY OF PORT ALLEN (hereinafter referred to as "CITY") as defined by 42 U.S.C. §2000e(f) and 29 U.S.C. §203e.

2. Defendant, CITY OF PORT ALLEN, is a Political Subdivision of the State of Louisiana and is an employer as defined by 42 U.S.C. §2000e(b) and 29 U.S.C. §203d.

## JURISDICTION AND VENUE

1. Jurisdiction of this Honorable Court is invoked pursuant to 28 U.S.C. §1331. This is an action to recover damages and to redress deprivation of rights secured to Plaintiff under Title

1

VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000(e) *et seq.*, for discrimination based on race, color, and sex and under the Equal Pay provisions of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §206d.

2. Plaintiff timely filed a complaint with the U.S. Equal Employment Opportunity Commission and has completed all administrative requirements prior to the initiation of this proceeding.  Plaintiff received a notice of right to sue on or about August 22, 2024.  This action is being filed within ninety (90) days of Plaintiff's receipt of said notice, in compliance with 42 U.S.C. §2000e-5(f)(1).

3. Venue is proper in this Court as the unlawful employment practice was committed in the City of Port Allen, Parish of West Baton Rouge, State of Louisiana.

## STATEMENT OF FACTS

4. CITY OF PORT ALLEN (hereinafter referred to as "CITY"), is a political subdivision of the State of Louisiana organized and operating under Title 33, section 321 et seq. of the Louisiana Revised Statutes.

5. Plaintiff is employed as the Chief Administrative Officer (hereinafter referred to as "CAO"), of CITY OF PORT ALLEN.

6. CITY OF PORT ALLEN utilizes a Step and Grade salary and wage compensation system.  Plaintiff began his employment on May 20, 2020 at Step 124, Grade A of the classification chart and is currently paid at Step 124, Grade B.

7. Plaintiffs' duties, as listed in the employment advertisement published by the City in March 2020, included highly responsible administrative work in the areas of directing the billing and collection of utility accounts, supervising office staff, all city purchasing, permitting and licensing, planning and zoning, interpretation of city codes and ordinances, implementation and

maintenance of municipal risk insurance program, enforcement of substance abuse policy, assisting in authoring resolutions, ordinances, proclamations, proceedings of meetings and public notices, coordinating contract negotiations, assisting in the preparation of the general and administrative department budgets, preparing a variety of local, state, and federal records and reports and acts as the City's 504 Compliance Officer.  The Chief Administrative Officer supervises all Public Works Department Supervisors including Water & Gas Utilities, Roads & Drainage and Wastewater Collection and Treatment as well as the Meter Readers and City Inspector of the Code Enforcement Department, all of whom are assigned City vehicles for use during work hours with the supervisors having take home privileges.

8. Shortly after hiring, Plaintiff was informed that the position of Superintendent of Public Works was vacant following the retirement of the prior Superintendent and that rather than fill the position the Mayor decided the CAO or plaintiff would be responsible for supervising the Department of Public Works in a manner not contemplated in the job description or the pre-hiring interview and discussions, including visiting actual job sites in his personal vehicle.

9. In January 2023 the City hired Katrina Davis, an African American female, for the position of Chief Financial Officer.  The position is classified at the same Step 124 as the Chief Administrative Officer in the City's salary and wage classification system and Ms. Davis was hired at Grade I, a full eight (8) steps higher than plaintiff.

10. The City observes a July 1-June 30 fiscal year.  In the 2002-2003 fiscal year the positions of CAO and CFO were known as Director of Central Services and Director of Finance, respectively.  Additionally, the CAO was classified at Step 120 of the City's Step and Grade classification system while the CFO was classified at Step 121.  However, during the budget

3

process for the 2003-2004 fiscal year both positions were re-classified at Step 124 where they remain today.

11. In April 2023, Aaron Landry, a Caucasian male, was promoted from Water & Gas Supervisor to Superintendent of Public Works, ironically, both positions that report to the CAO, with a substantial salary increase that saw Mr. Landry go from Step 114, Grade W or $69,440.00 at the time to Step 120, Grade X or approximately $93,440.00 annually making Mr. Landry the City's highest paid employee.

12. Plaintiff filed a charge of discrimination with the United States Equal Employment Opportunity Commission on October 2, 2023, alleging discrimination based on race, color and sex.

13. A notice of right to sue was issued on August 21, 2024 and received on or about August 22, 2024.

## DISCRIMINATION BASED ON RACE, COLOR, AND SEX

14. Plaintiff re-avers all of the allegations set forth in the above and foregoing paragraphs, as if fully set forth herein, and incorporates them herein by reference.

15. Plaintiff avers that upon being offered the CAO position for the City he requested a starting salary of $85,000.00 per year, substantially similar to the request of CFO candidate Katrina Davis during her interview process, however plaintiff, an African-American male received the lowest starting salary indicated for the position in the city Step and Grade system, Step 124, grade A, while two and a half years later Ms. Davis, an African-American female received a salary at Step 124, grade I, eight grades higher than plaintiff with each grade representing an increase of two (2%) percent more than the previous grade.

16. Plaintiff, an African-American male, further avers that despite the fact he was hired as the CAO and ordered to perform the additional duties of Superintendent of Public Works he was not offered or provided any additional compensation for undertaking said duties but in April 2023, Aaron Landry, a Caucasian male, was promoted to Superintendent of Public Works and received a salary increase of $24,000.00 per year despite the fact that plaintiff is still required to perform a substantial portion of the duties of the Superintendent of Public Works.

17. Defendant's actions constituted an unlawful employment practice. Specifically, Defendant showed favoritism to a Caucasian male employee on the basis of race and color, and to a female employee on the basis of sex to the detriment of Plaintiff, which is a violation of Title VII of the Civil Rights Act of 1964, namely 42 U.S.C. A. § 2000 e - 2 (a) and the Equal Pay provisions of the Fair Labor Standards Act of 1938, as amended, namely 29 U.S.C. §206d.

18. Plaintiff further avers the following: (a) he is an African American male and therefore a member of a protected group; (b) he was qualified for the position of Chief Administrative Officer as evidenced by his employment record with the City; and (c) he did not violate any work-related rules.

### DAMAGES

19. Plaintiff, LANCE C. JOSEPH, has suffered irreparable harm from Defendants' policies, practices, procedures, and customs as mentioned heretofore. The conduct of CITY OF PORT ALLEN, constituted an unlawful employment practice and a violation of Title VII of the Civil Rights Act of 1964, namely 42 U.S.C.A. § 2000 e - 2 (a) and 29 U.S.C. §206d.

20. As a direct and proximate result of Defendants' unlawful employment practice, Plaintiff, LANCE C. JOSEPH, has been injured in his person and property, and is entitled to damages in the amount of $500,000 for:

a.  Physical pain and suffering;

b.  Mental and emotional pain and suffering, including humiliation, aggravation, anxiety, inconvenience, fear, fright, and intimidation;

a.  Deprivation of rights, privileges, and immunities secured to Plaintiff by virtue of Title VII of the Civil Rights Act of 1964 and the Equal Pay provisions of the Fair Labor Standards Act of 1938.

c.  Punitive and exemplary damages to be assessed in the nature of a fine to ensure that such conduct as was used to discriminate against Plaintiff is not used in the future against other employees;

d.  Lost wages, earnings, diminished work capacity, and other economic support; and

e.  All other damages to be shown at trial.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff, LANCE C. JOSEPH, prays that after due proceedings had, there be judgment rendered herein in favor of LANCE C. JOSEPH and against defendant, CITY OF PORT ALLEN:

(a)    Declaring that the acts and practices complained of herein are in violation of Title VII of the Civil Rights Act of 1964 and/or the Equal Pay provisions of the Fair Labor Standards Act of 1938.

(b)    Enjoining and permanently restraining these violations;

(c)    Awarding Plaintiff compensatory and equitable damages;

(d)    Awarding Plaintiff all costs of these proceedings, including reasonable attorney's fees, costs of Court, and costs of prosecuting Plaintiff's claims; and

(e)    Awarding Plaintiff all such general and equitable relief as law, equity, and the nature of the case may permit.

Respectfully submitted by:

EDWIN M. SHORTY, JR. & ASSOCIATES
A PROFESSIONAL LAW CORPORATION

 s/Edwin M Shorty, Jr. _____
EDWIN M. SHORTY, JR., LSBA # 28421
HOPE L. HARPER, LSBA # 33173
650 Poydras Street - Suite 2515
New Orleans, Louisiana 70130
Phone: (504) 207-1370
Fax:    (504) 207-0850
Email: eshorty@eshortylawoffice.com
Email: hharper@eshortylawoffice.com